Mr. Spilar was fired because he was disabled and there was a very real possibility that he could become a sales performance liability to Xerox, Mr. Kelley and Mr. Collins by being out of the field, and not selling, if his fragile health did not hold out. In addition, Mr. Nicks, Mr. Kelley and Mr. Collins already had exposure for participating in and assisting Xerox in violating Mr. Spilar's legal rights and Xerox policy for years. All of their jobs might be in jeopardy if a conscientious Xerox manager were to learn what had happened and blow the whistle.

Mr. Kelley and Mr. Collins were determined to fire the useless, broken down old man that had dared to defy them. How dare him ask for a meeting with Mr. Collins. They were determined that this man would not go on disability and leave them with an empty sales territory. They were determined that Mr. Spilar would not have the opportunity to potentially embarrass them, expose their incompetence and draw more focus to their poor performances. Mr. Collins and Mr. Kelley were already being scrutinized for their lack of performance. Mr. Kelley and Mr. Collins would teach this man a lesson and make sure this disabled man would work at his last job.

As a sad postscript to the machinations of Mr. Kelley and Mr. Collins, Mr. Kelley signed Mr. Collins name to the paperwork that required Mr. Collins' signature to terminate Mr. Spilar. Mr. Collins had such little respect and complete and utter disdain for this disabled man, that he did not even bother to take the time to sign his name to the whole sordid thing. This disabled man did not deserve any of his important time.

After working for Xerox for decades, Mr. Collins' employment with Xerox ended the day this lawsuit was filed.

## DEFAMATION

Mr. Spilar repeats each and every Paragraph of this Petition as though fully set forth herein.

Xerox's, Mr. Collins' and Mr. Kelley's conduct as set forth and described in this Petition constitutes defamation. Mr. Kelley, Mr. Collins and Xerox each published statements of fact that referred to Mr. Spilar, were defamatory and false. With regard to the truth of the statement, Mr. Collins, Mr. Kelley and Xerox were acting with actual malice.

As a direct and proximate result of such defamation, Mr. Spilar has suffered damages, including but not limited to, loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress, for which he sues.

## CONVERSION

Mr. Spilar repeats each and every Paragraph of this Petition as though fully set forth herein.

Xerox's and Mr. Kelley's conduct as set forth and described in this Petition constitutes conversion. Mr. Spilar has the right to immediate possession of personal property that Mr. Kelley and Xerox wrongfully exercise control over.

As a direct and proximate result of such conversion, Mr. Spilar has suffered damages, for which he sues.

## TEXAS THEFT LIABILITY ACT

Mr. Spilar repeats each and every Paragraph of this Petition as though fully set forth herein.

Xerox's and Mr. Kelley's conduct as set forth and described in this Petition constitutes theft. Mr. Kelley and Xerox stole Mr. Spilar's personal property.

As a direct and proximate result of such theft, Mr. Spilar has suffered damages, for which he sues.

## BREACH OF CONTRACT

Mr. Spilar repeats each and every Paragraph of this Petition as though fully set forth herein.

Xerox's conduct as set forth and described in this Petition constitutes breach of contract.

As a direct and proximate result of such breach of contract, Mr. Spilar has suffered damages, for which he sues.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Mr. Spilar repeats each and every Paragraph of this Petition as though fully set forth herein.

Xerox's, Mr. Collins' and Mr. Kelley's conduct as set forth and described in this Petition constitutes extreme and outrageous conduct which intentionally and/or recklessly caused and continues to cause Mr. Spilar's severe emotional distress.

Such conduct by Xerox, Mr. Collins and Mr. Kelley was so outrageous and extreme as to be regarded as atrocious and to go beyond all possible bounds of decency, and to be utterly intolerable in a civilized community and work setting.

As a direct and proximate result of such Intentional Infliction of Emotional Distress, Mr. Spilar has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress, for which he sues.

## WILLFUL VIOLATIONS OF CHAPTER 21 OF THE TEXAS LABOR CODE

Mr. Spilar repeats and realleges each and every Paragraph of this Petition as though fully set forth herein.

At all times relevant herein, Xerox was an "employer" and Mr. Spilar was an "employee" under Chapter 21 of the Texas Labor Code.

At all relevant times herein, Chapter 21 of the Texas Labor Code guaranteed Mr. Spilar a right to be free of discrimination based upon any disability, perceived disability or record of disability.

At all relevant times, Mr. Spilar was a "qualified person with a disability" under the Texas Labor Code due to his disability, record of a disability and/or due to Xerox's perception that he was disabled.

Xerox became aware of Mr. Spilar's disability and record of a disability.

Xerox violated Mr. Spilar's civil rights by discriminating against him on the basis of his disability, history of disability and/or perceived disability in the following respects:

a. Denying Mr. Spilar the same privileges and benefits of employment that it provided other employees with the same or substantially similar disability in regard to an accommodation and disability benefits.

b. Denying Mr. Spilar an accommodation and disability benefits for his disability/disabilities in a discriminatory manner.

c. Denying Mr. Spilar reasonable accommodation for his known disability/disabilities.

d. Denying Mr. Spilar reasonable accommodation for his perceived disability/disabilities.

e. Interfering with Plaintiff's ability to receive an accommodation or benefits for his disability.

f. Coercing Mr. Spilar in regard to his benefits or an accommodation for his disability/disabilities.

g. Intimidating Mr. Spilar in order to dissuade him from seeking an accommodation or benefits for his disability/disabilities.

h. Harassing of Mr. Spilar due his known disability/disabilities in a manner sufficient to offend him and inhibit his ability to perform at work.

i. Harassing of Mr. Spilar due his perceived disability/disabilities in a manner sufficient to offend him and inhibit his ability to perform at work.

j. Refusing to consider a reasonable accommodation for his known disability/disabilities.

k.  Refusing to consider a reasonable accommodation for his perceived disability/disabilities.

l.  Terminating his employment without considering his request for a reasonable accommodation.

m.  Harassing him in order to force him to terminate his employment.

n.  Otherwise discriminating against him with respect to the terms, conditions and privileges of employment because of his disability, history of disability and/or perceived disability.

Xerox's violations were willful.

As a direct and proximate result of Xerox's violations of the Texas Labor Code, Mr. Spilar has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

## JURY DEMAND

Mr. Spilar hereby demands a jury trial on all issues that can be submitted to a jury.

## DAMAGES

Plaintiff suffers damages in excess of the minimal jurisdictional limits of this Court, for which Defendant is liable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Robert Spilar, respectfully prays that:

Mr. Spilar recover his actual damages, statutory damages and punitive damages in an amount to be determined by a jury at trial;

Mr. Spilar recover his reasonable attorneys' fees;

Mr. Spilar recover his expenses and costs of court; and

Mr. Spilar be awarded all other relief, either general or special, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

JONES, GILLASPIA & LOYD, L.L.P.

By: _____

John Bruster Loyd
Texas Bar No. 24009032
1400 Post Oak Blvd.
Suite 800
Houston, Texas 77056

TEL: 713.225.9000
FAX: 713.225.6126

ATTORNEYS FOR PLAINTIFF
ROBERT SPILAR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, via facsimile, on this the 15th day of November 20 04.

_____

JOHN BRUSTER LOYD

NO. 2004-60984

| | | |
|---|---|---|
| ROBERT SPILAR, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| XEROX CORPORATION, WILLIAM | § | |
| COLLINS and RALPH KELLEY, | § | |
| | § | |
| Defendants. | § | 281ST JUDICIAL DISTRICT |

## DEFENDANT RALPH KELLEY'S ORIGINAL ANSWER

Defendant Ralph Kelley ("Defendant"), files this his Original Answer to Plaintiff's Original Petition and states as follows:

### I.
### GENERAL DENIAL

1. Pursuant to and as provided by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the material allegations of Plaintiff's Original Petition, and demands strict proof thereof.

2. As authorized by the Texas Rules of Civil Procedure, Defendant reserves the right to amend this pleading before the trial of this cause on its merits.

### II.
### DEFENSES AND AFFIRMATIVE DEFENSES

3. Plaintiff, in each alleged cause of action, fails to state a claim upon which relief can be granted.

4. Plaintiff, in each alleged cause of action, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

5. Defendant is not liable to Plaintiff in the capacity he is being sued.

HOUSTON:96923/00009-967598v1

6. Defendant is not liable in the capacity in which he has been sued and he is not a proper party to this lawsuit because he has never been the employer of Plaintiff and Plaintiff has never been his employee.

7. Plaintiff has failed to mitigate, or reasonably attempt to mitigate, his damages, if any, and Defendant is entitled to an offset in the amount Plaintiff could have earned after his employment with Defendant ended.

8. By reason of his conduct, actions, or statements, Plaintiff is estopped from or has waived asserting his claims herein.

9. Plaintiff's claims are barred by the doctrines of release, laches, after-acquired evidence, and unclean hands.

10. Any claim for front pay is too speculative to be permitted.

11. At all times, the employment of Plaintiff was terminable at will by either Plaintiff or Defendant Xerox Corporation, with or without cause.

12. Plaintiff has ratified Defendant's actions, and thus, may not assert the claims brought in this suit.

13. Plaintiff does not and did not suffer at any relevant time period from a disability protected under the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, *et seq.*, or the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

14. Plaintiff is not "a qualified individual with a disability," as that term is defined under the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, *et seq.* or the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

15. Plaintiff did not request a reasonable accommodation from Defendant Xerox Corporation.

2

16.     Defendant Xerox Corporation did not fail to accommodate any alleged request to reasonably accommodate Plaintiff.

17.     Plaintiff was terminated from employment with Defendant Xerox Corporation for legitimate, non-discriminatory, non-pretextual, business reasons. At all times, Defendant Xerox Corporation acted in good faith with regard to the employment and termination of Plaintiff without any intent to, and did not, discriminate against Plaintiff. Any actual or perceived disability or any other unlawful criteria was not a factor in any decision made by Defendant Xerox Corporation with regard to the employment or termination of Plaintiff.

18.     Plaintiff's claims arising under the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, *et seq.* or, alternatively, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, are barred. Specifically, Defendant Xerox Corporation exercised reasonable care to prevent and promptly correct any harassment, and Plaintiff unreasonably failed to take advantage of any preventative and corrective activities provided by Defendant Xerox Corporation or to otherwise avoid the harm. Defendant Xerox Corporation has an established employment discrimination/harassment policy and Plaintiff failed promptly to notify Defendant Xerox Corporation about the alleged harassment pursuant to said policy so that Defendant Xerox Corporation could have investigated the matter and taken remedial action, if necessary.

19.     Plaintiff's claims for money damages, injunctive relief, attorneys' fees and costs of court are barred, in whole or in part, because Defendant Xerox Corporation would have made the same employment decisions regarding Plaintiff in the absence of any alleged impermissible motivating factor, if such is found to have occurred.

3

20. The claims arising under the Texas Commission on Human Rights Act should be dismissed for lack of jurisdiction over the subject matter because Plaintiff has failed to exhaust his administrative remedies as required by Texas Labor Code § 21.201 *et seq.*

21. To the extent that Plaintiff alleges a violation of the Texas Commission on Human Rights Act for conduct occurring more than 180 days prior to the date on which Plaintiff filed his Discrimination Charge with the Texas Commission on Human Rights about such conduct, any claim for back pay or other relief arising therefrom is barred under Texas Labor Code § 21.202.

22. To the extent that Plaintiff alleges conduct occurring more than 300 days prior to the date on which Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as the basis for any claim under the Americans with Disabilities Act, his claim for back pay or other relief arising from such conduct, is barred by limitations under 42 U.S.C. § 12117(a).

23. To the extent that Plaintiff seeks back pay relief under the Texas Commission on Human Rights Act commencing more than two years prior to the filing of Plaintiff's complaint with the Texas Commission on Human Rights, such relief is barred by limitations pursuant to Texas Labor Code § 21.258.

24. To the extent that Plaintiff seeks back pay relief under the Americans with Disabilities Act commencing more than two years prior to the filing of Plaintiff's EEOC charge, such relief is barred by limitations pursuant to 42 U.S.C. § 12117(a).

25. To the extent that Plaintiff alleges a violation of the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 *et seq.*, more than two years after filing his

4

complaint with the Texas Commission on Human Rights, Plaintiff's claims are barred by limitations pursuant to Texas Labor Code § 21.256.

26. To the extent that Plaintiff raises a claim based on an EEOC charge for which Plaintiff received a right-to-sue letter more than 90 days before filing a complaint in this case, such claim is barred by limitations pursuant to 42 U.S.C. § 12117(a).

27. To the extent that Plaintiff alleges a violation of the Texas Commission on Human Rights Act based on a TCHR charge for which Plaintiff received a notice of the right to file a civil action more than 60 days prior to filing a complaint in this case, Plaintiff's claims are barred by limitations pursuant to Texas Labor Code § 21.254.

28. Plaintiff cannot assert a discrimination claim under Title VII, TCHRA, ADA or ADEA based upon allegations which were not stated in a Discrimination Charge timely filed with the Texas Commission on Human Rights/Equal Employment Opportunity Commission.

29. Plaintiff's claims are barred by the applicable statutes of limitations.

30. The amount of compensatory and punitive damages sought by Plaintiff is limited by the Texas Labor Code and the Americans with Disabilities Act.

31. To the extent Plaintiff seeks remedies against Defendant beyond those available under the statutes upon which the claims are based, such remedies are improper.

32. To the extent, if any, that Defendant engaged in any of the activity alleged in Plaintiff's First Amended Petition, which is specifically denied, such activity or actions were taken with the consent of Plaintiff. Therefore, Defendant is not liable to Plaintiff for such actions.

33. Because Plaintiff's acts and omissions proximately caused and contributed to any loss, injury, damage or detriment Plaintiff sustained, Plaintiff's recovery from Defendant, if any,

5

HOUSTON:96923/00009:967598v1

should be reduced in proportion to the percentage of Plaintiff's negligence or in proportion to his fault.

34. Plaintiff is not entitled to recover any sum for attorney's fees under any laws of the State of Texas for her alleged state law personal injury claims.

35. To the extent that the First Amended Petition alleges personal injury state law claims, including intentional infliction of emotional distress, arising from conduct occurring more than two (2) years prior to the filing of the Complaint, such claims are barred by limitations pursuant to Section 16.003 of the Texas Civil Practice and Remedies Code.

36. Plaintiff cannot recover damages for the same alleged actions or omissions under both his intentional infliction of emotional distress claim and his discrimination claim.

37. Plaintiff cannot assert an intentional infliction of emotional distress claim for actions or omissions for which the Texas Commission on Human Rights Act and the Americans with Disabilities Act provides specified and limited remedies.

38. Plaintiff's prayer for damages stemming from the intentional infliction of emotional distress is barred because Plaintiff has not alleged any conduct on the part of Defendant that would result in liability for intentional infliction of emotional distress.

39. If Defendant did subject Plaintiff to any wrongful or unlawful conduct resulting in mental, physical or emotional harm, although such is not admitted hereby or herein, Plaintiff had a duty to mitigate any damages Plaintiff may have suffered by seeking medical and psychological treatment and Plaintiff has failed to do so.

40. Plaintiff seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.* Plaintiff's remedies for all alleged acts or omissions are limited solely to those available under ERISA.

41. All of Plaintiff's state law claims are preempted by ERISA, 29 U.S.C. § 1001 *et seq.*, and are therefore barred, because Plaintiff is either a participant in or a beneficiary of an employee benefit plan covered by ERISA and Plaintiff's claims relate to an employee benefit plan covered by ERISA.

42. Plaintiff has failed to exhaust his administrative remedies as required by ERISA.

43. Defendant is not liable to Plaintiff for defamation because his comments, if any, are true or substantially truthful.

44. Defendant is not liable to Plaintiff for defamation because his comments, if any, are subject to a qualified privilege.

45. Defendant is not liable to Plaintiff for defamation because his comments, if any, are protected under the First Amendment of the United States Constitution.

46. Defendant is not liable to Plaintiff for defamation because Plaintiff is "libel-proof" in that Plaintiff's reputation in the community is such that any comments made by Defendant could not have an adverse effect on his reputation.

47. Defendant is not liable to Plaintiff for defamation because Defendant's comments and conduct, if any, are justified.

48. To the extent Plaintiff alleges conduct relating to slander and defamation occurring more than one year prior to the date Plaintiff filed his Original Petition, such claims are barred by limitations pursuant to § 16.002 of the Texas Civil Practices and Remedies Code.

49. Plaintiff's causes of action, and each of them, do not state facts sufficient to enable Plaintiff to recover exemplary or punitive damages.

50. Defendant has never acted with malice or with reckless indifference to Plaintiff's statutory rights so as to be liable for any claim or damage at issue herein.

7

51. As a result of Plaintiff's action herein, Defendant has been required to retain the services of the undersigned attorneys, and pursuant to 42 U.S.C. § 12205, FED. R. CIV. P. 11, TEX. R. CIV. P. 13, TEX. CIV. PRAC. & REM. CODE § 10.004, and TEXAS LABOR CODE § 21.259, Defendant is entitled to an award of its reasonable attorneys' fees incurred in defending this action.

52. Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon final trial, Plaintiff, ROBERT SPILAR, take nothing by way of his suit, that Defendant RALPH KELLEY recover his costs and attorneys' fees expended in this cause and for such other and further relief, either at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LOCKE LIDDELL & SAPP LLP

By: _____
SCOTT K. DAVIDSON
State Bar No. 24031990
WILLIAM J. BUX
State Bar No. 03546400
2600 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002-3095
Telephone: (713) 226-1200
Telecopier: (713) 223-3717

ATTORNEYS FOR
DEFENDANT RALPH KELLEY

8

## CERTIFICATE OF SERVICE

I hereby certify that on this ___3rd___ day of December, 2004, a true and correct copy of the foregoing document has been served upon counsel for Plaintiff by certified mail, return receipt requested with proper postage affixed and addressed as follows:

John Bruster Loyd
JONES, GILLASPIA & LOYD, L.L.P.
1400 Post Oak Blvd., Suite 800
Houston, Texas 77056

_____
Scott K. Davidson

# LOCKE LIDDELL & SAPP LLP

ATTORNEYS & COUNSELORS

3400 JP MORGAN CHASE TOWER
600 TRAVIS STREET
HOUSTON, TEXAS 77002-3095

AUSTIN • DALLAS • HOUSTON • NEW ORLEANS

(713) 226-1200
Fax: (713) 223-3717
www.lockeliddell.com

Direct Number: (713) 226-1305
email: sdavidson@lockeliddell.com

December 10, 2004

**VIA HAND DELIVERY**

Charles Bacarisse, District Clerk
Harris County Courthouse
301 Fannin
Houston, Texas 77002

    Re:    Cause No. 2004-60984; *Robert Spilar v. Xerox Corporation, et al.*; In the District Court of Harris County, Texas, 281st Judicial District Court

Dear Mr. Bacarisse:

In regard to the above-captioned cause, attached are the originals and copies of the following documents:

1. Defendant Ralph Kelley's First Amended Answer to Plaintiff's First Amended Petition;

2. Defendant Xerox Corporation's Original Answer; and

3. Defendant William Collins' Original Answer.

Kindly file the originals among the papers in this cause and return the file-marked copies to the undersigned.

Thank you for your assistance in this matter.

                                      Very truly yours,

                                      Scott K. Davidson
                                      For the Firm

SKD:kjd
Attachments

cc:    John Bruster Loyd

HOUSTON:96923/00009:967645v1

NO. 2004-60984

| | | |
|---|---|---|
| ROBERT SPILAR, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| XEROX CORPORATION, WILLIAM | § | |
| COLLINS and RALPH KELLEY, | § | |
| | § | |
| Defendants. | § | 281ST JUDICIAL DISTRICT |

### DEFENDANT RALPH KELLEY'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

Defendant Ralph Kelley ("Defendant"), files this his First Amended Answer to Plaintiff's First Amended Petition and states as follows:

I.
GENERAL DENIAL

1. Pursuant to and as provided by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the material allegations of Plaintiff's First Amended Petition, and demands strict proof thereof.

2. As authorized by the Texas Rules of Civil Procedure, Defendant reserves the right to amend this pleading before the trial of this cause on its merits.

II.
DEFENSES AND AFFIRMATIVE DEFENSES

3. Plaintiff, in each alleged cause of action, fails to state a claim upon which relief can be granted.

4. Plaintiff, in each alleged cause of action, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

5. Defendant is not liable to Plaintiff in the capacity he is being sued.

HOUSTON.96923/00009:969457v1

6.   Defendant is not liable in the capacity in which he has been sued and he is not a proper party to this lawsuit because he has never been the employer of Plaintiff and Plaintiff has never been his employee.

7.   Plaintiff has failed to mitigate, or reasonably attempt to mitigate, his damages, if any, and Defendant is entitled to an offset in the amount Plaintiff could have earned after his employment with Defendant ended.

8.   By reason of his conduct, actions, or statements, Plaintiff is estopped from or has waived asserting his claims herein.

9.   Plaintiff's claims are barred by the doctrines of release, laches, after-acquired evidence, and unclean hands.

10.   Any claim for front pay is too speculative to be permitted.

11.   At all times, the employment of Plaintiff was terminable at will by either Plaintiff or Defendant Xerox Corporation, with or without cause.

12.   Plaintiff has ratified Defendant's actions, and thus, may not assert the claims brought in this suit.

13.   Plaintiff does not and did not suffer at any relevant time period from a disability protected under the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, *et seq.*, or the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

14.   Plaintiff is not "a qualified individual with a disability," as that term is defined under the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, *et seq.* or the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

15.   Plaintiff did not request a reasonable accommodation from Defendant Xerox Corporation.

2